# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTAZAR GODOY-AGUIRRE,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES GILKEY, et. al.,<br><br>  Defendants.<br>_____/ | CV F   03 5295 OWW LJO P<br><br>**SECOND ORDER**<br><br>**DIRECTING UNITED STATES MARSHAL TO INITIATE SERVICE ON DEFENDANT PITZER WITHOUT PREPAYMENT OF COSTS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Third Amended Complaint against Defendants Gilkey, Williams and Pitzer.  Defendants Gilkey and Williams waived service on July 19, 2004.

On June 3, 2005, the Court directed the U.S. Marshal to served Defendant Pitzer on Plaintiff's behalf.  However, the summons was returned to the Court unexecuted on January 5, 2005, indicating that Defendant Pitzer was not employed at California City.  However, there is no indication that the U.S. Marshall contacted the Personnel Department of the California Department of Corrections or the Legal Affairs Division in an effort to obtain updated information on Defendant Pitzer.

**THE COURT AND THE MARSHAL HAVE A STATUTORY DUTY TO SERVICE PROCESS ON PLAINTIFF'S BEHALF, AND THE RESPONSE GIVEN TO THE MARSHAL BY THE RECORDS CLERK AT CALIFORNIA CITY TO DATE IS INSUFFICIENT TO ALLOW THE COURT TO DISCHARGE THIS DUTY ON THE**

1  **GROUND THAT DEFENDANT PITZER CANNOT BE LOCATED.** 28 U.S.C. § 1915(d);
2  Fed. R. Civ. P. 4(c)(2). Accordingly, IT IS HEREBY ORDERED that:
3      1.    The Clerk of the Court is DIRECTED to forward the following documents to the
4             United States Marshal:
5             (1)    One completed and issued summons for <u>each</u> Defendant to be served;
6             (2)    One completed USM-285 form for <u>each</u> Defendant to be served;
7             (3)    One copy of the Third Amended Complaint filed on April 25, 2005, for
8                    <u>each</u> Defendant to be served, plus an extra copy for the Marshal;
9             (4)    One copy of this order for <u>each</u> Defendant to be served, plus an extra copy
10                   for the Marshal;
11            (5)    One copy of the Court's consent form for <u>each</u> Defendant to be served.
12     2.    **WITHIN TEN (10) DAYS** from the date of this order, the United States Marshal
13            is directed to notify the following Defendant of the commencement of this action
14            and to request a waiver of service in accordance with the provisions of Fed. R.
15            Civ. P. 4(d) and 28 U.S.C. § 566(c):
16                         **PERCY PITZER**
17     3.    The U.S. Marshal is directed to retain the summons and a copy of the Complaint
18            in their file for future use.
19     4.    The United States Marshal SHALL file returned waivers of service as well as any
20            requests for waivers of service that are returned as undelivered as soon as they are
21            received.
22     5.    **IN ATTEMPTING TO IDENTIFY AND LOCATE DEFENDANT PITZER,**
23            **IF THE LITIGATION OFFICE AT CALIFORNIA CITY IS UNABLE TO**
24            **ASSIST, THE MARSHAL IS DIRECTED TO SEEK THE ASSISTANCE**
25            **OF THE EMPLOYMENT OFFICE AT CALIFORNIA CITY, AND, *IF***
26            ***NECESSARY*, CONTACT THE LEGAL AFFAIRS DIVISION IN**
27            **SACRAMENTO AND REQUEST THE ASSISTANCE OF A SPECIAL**
28            **INVESTIGATOR.**

6.  If a waiver of service is not returned by Defendants within SIXTY (60) DAYS of the date of mailing the request for waiver, the United States Marshal SHALL:

   a.  Personally serve process and a copy of this order upon the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and *SHALL COMMAND ALL NECESSARY ASSISTANCE* from the California Department of Corrections (CDC) to execute this Order. The United States Marshal SHALL maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b.  Within TEN (10) days after personal service is effected, the United States Marshal SHALL file the return of service for the Defendants, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendants. Said costs shall be enumerated on the USM-285 form and SHALL include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendants in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7.  In the event that Defendants make an appearance in this action by filing an Answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve Defendants.

8.  In the event that Defendants either waive service or are personally served, Defendants are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:   January 23, 2006**              /s/ Lawrence J. O'Neill
b6edp0                                     UNITED STATES MAGISTRATE JUDGE

3