# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTAZAR GODOY-AGUIRRE,<br><br>             Plaintiff,<br><br>     v.<br><br>CHARLES GILKEY, et. al.,<br><br>             Defendants.<br>_____/ | CV F   03 5295 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT AND ADJUDICATION (Docs. 60-1, 60-2, 60-3.) |

Baltazar Godoy-Aguirre ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

This action is proceeding on Plaintiff's Third Amended Complaint against Defendants Gilkey, Williams and Pitzer. The Complaint alleges that Defendants violated his Eighth Amendment rights when they decreased his thyroid medication.

On February 8, 2006, Defendants filed a Motion to Dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a Motion for Summary Judgment or Motion for Summary Adjudication pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1

Plaintiff filed an Opposition to the Motions on March 29, 2006. Defendants filed a Reply to the Opposition on April 5, 2006.

**A. BACKGROUND**

Plaintiff was sentenced to the custody of the United States Federal Bureau of Prisons ("BOP") following a sentence of guilt rendered by the U.S. District Court for the Southern District of California on September 17, 2001. During a portion of Plaintiff's confinement, he was imprisoned at California City Correctional Center ("CCCC"), a federal detention center operated under contract for the BOP by the Corrections Corporation of America ("CCA"). The Defendants named in this action are employees of CCA.

Plaintiff alleges in his Third Amended Complaint (Doc. 39) that Defendants failed to provide him with adequate medical treatment in violation of his Eighth Amendment rights. Specifically, Plaintiff contends that while confined at a federal facility in San Diego, California, he was prescribed three hundred milligrams of Propylthiouracil ("PTU") medication for his hyperthyroidism. However, while confined at CCCC, Defendant Williams, who is not a physician, reduced Plaintiff's medication to fifty milligrams. As a result, Plaintiff states he suffered pain, discomfort, an irregular heartbeat, shortness of breath, excessive sweating, nervousness, excitability, hyperactive behavior, tremors, increased appetite and protruding eyeballs. Plaintiff was then transferred to a federal facility in Fort Worth, Texas where he was informed by a doctor that the incorrect dosage of medication or failure to timely remove the gland would result in toxic multinodular goiter or Plummer's disease. Plaintiff states that Defendants Gilkey and Pitzer were aware of Plaintiff's medical condition and the reduction in medication by Defendant Williams but did nothing and instead restricted his medical care in order to save money.

**B. ANALYSIS**

Defendants contend that this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendants argue that a <u>Bivens</u> action may only be maintained if a plaintiff alleges that a federal employee, named as the defendant in his individual capacity, violated the plaintiff's

1  Constitutional rights.  Defendants contend that there is no implied private right of damages under
2  Bivens against employees of a private prison for alleged constitutional deprivations.
3         Lawsuits against federal officials for constitutional deprivations that occur under color of
4  federal law are actionable pursuant to Bivens v. Six Unknown Named Agents of the Federal
5  Bureau of Narcotics, 403 U.S. 388 (1971).   Like state prisoners suing under 42 U.S.C. § 1983,
6  federal prisoners proceeding under Bivens may sue relevant officials in their individual capacity
7  only.  While this doctrine provides for private rights of action for violations of the Fourth
8  Amendment, Bivens, 403 U.S. 388 (1971), the Eighth Amendment, Carlson v. Green, 446 U.S.
9  14 (1980), and the Fifth Amendment Due Process clause, Davis v. Passman, 442 U.S. 228
10 (1979), the U.S. Supreme Court has been loath to extend Bivens to claims where Congress has
11 already provided "an avenue for some redress." Correctional Services Corporation v. Malesko,
12 534 U.S. 61, 68-69 (2001) (declining to infer a constitutional tort remedy against a private
13 corporation.); Libas Ltd v. Carrillo, 329 F.3d 1128, 1130 (9th Cir. 2003) (precluding Bivens
14 claims where Congress has provided an alternative remedy).
15        Recently, the U.S. Supreme Court declined to extend Bivens to allow for recovery against
16 a private corporation operating a half-way house under contract with the Federal Bureau of
17 Prisons in Corr. Services Corp. v. Malesko, 534 U.S. 61, 68-69 (2001).   In Malesko, the Court
18 examined the history of Bivens and in particular, its past reluctance to imply a cause of action for
19 money damages directly under the constitution.
20        The Court noted that it first extended Bivens to a plaintiff's claim for money damages
21 against a former employer (member of U.S. Congress) for violations of the Due Process clause in
22 Davis v. Passman, 442 U.S. 228 (1979).  The Court emphasized that there were no alternative
23 forms of judicial relief for Davis, who, like Bivens, was limited to "damages or nothing." Id. at
24 245 (*quoting* Justice Harlan's concurrence in Bivens, 402 U.S. at 410).
25        Approximately one year later, in Carlson v. Green, 446 U.S. 14 (1980), the Court held
26 that federal prison officials could be sued for violations of the Eighth Amendment's prohibition
27 on cruel and unusual punishment, notwithstanding the availability of a claim under the Federal
28 Tort Claims Act ("FTCA") against the United States.   The Court reasoned that the threat of suit

3

against the United States was insufficient to deter the unconstitutional acts of individuals.  Id. at 21.

Since the Carlson decision, the Supreme Court has repeatedly refused to extend liability under Bivens to new contexts.  For example, in Bush v. Lucas, 462 U.S. 367 (1983), the Court declined to extend Bivens to a suit against individual Government officials for a First Amendment violation arising in the context of federal employment even though Bush had no opportunity to fully remedy his claim.  The Court found the administrative review mechanisms created by Congress provided Bush "meaningful redress" and there was no need to craft a judicial cause of action.  Id. at 378, n. 14.

In Schweiker v. Chilicky, 487 U.S. 412 (1988), the Supreme Court similarly declined to infer a damages action against individual Government employees who were alleged to have violated Due Process in their handling of Social Security claims.  Here the Court noted that its prior "decisions [had] responded cautiously to suggestions that Bivens remedies be extended to new contexts" and that "the absence of statutory relief for a constitutional violation ... [did] not... necessarily imply that courts should award money damages against the officers responsible for the violation."  Id. at 421-422.

Finally, in FDIC v. Meyer, 510 U.S. 471 (1994), the Supreme Court unanimously declined to extend Bivens to an action brought directly against a federal agency even where the agency was amenable to suit.  FDIC v. Meyer, 510 U.S. 471, 473-74  (1994).  The Court emphasized that the purpose of Bivens was "deter the officer," and that if given a choice, a plaintiff would choose to sue a federal agency instead of an individual who could assert qualified immunity. Id. at 485 (*citing* Carlson v. Green,446 U.S. at 21).   The Court concluded that to allow a Bivens claim against federal agencies would eviscerate the Bivens remedy, rather than extend it and that the "potentially enormous financial burden" that agency liability would entail counseled against such extension.  Id. at 486.

Following a thorough examination of the Court's history and application of Bivens, the Supreme Court in Malesko declined to imply a Bivens cause of action in a new circumstance. Corr. Services Corp. v. Malesko, 534 U.S. 61 (2001).  As stated above, Malesko concerned a

federal offender suing Correctional Services Corporation ("CSC"), a private corporation operating under contract with the Federal Bureau of Prisons to house federal prisoners and detainees. Malesko alleged that his constitutional rights were violated when he was made to climb stairs to his living quarters even though he had a heart condition that entitled him to use the elevator. During his ascent he suffered a heart attack, fell and was injured. Malesko brought a Bivens action alleging an Eighth Amendment violation against CSC for actual and punitive damages. The Court held that FDIC v. Meyer foreclosed "the extension of Bivens to private entities." Id. at 66, n. 2. The Court noted that the "core premise" of Bivens was to deter individual officers, not the agency. Id. at 69. The Court further explained that Malesko, unlike Bivens and Davis, was not in "search of a remedy" nor did he "seek a cause of action against an individual officer, otherwise lacking, as in Carlson." Id. at 74. The Court further held that imposing liability on private prison facilities is a question best left for Congress and not the Courts. Id. at 72.

Since Malesko, only two circuit courts have addressed whether Bivens should be extended to suits against employees of a private prison for alleged constitutional deprivations.[1] The Tenth Circuit, in Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), refused to recognize a Bivens claim against individual employees of a private corporation housing pretrial detainees pursuant to a contract with the United States.

In Peoples, a federal detainee attempted to sue an individual employee of a privately owned prison for an alleged violation of his Eighth Amendment rights concerning medical care. Relying largely on Malesko, the Court reasoned that "the purpose of Bivens is only ' to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally [as in Carlson], or to provide a cause of action for a plaintiff who lacked *any alternative remedy* [as in Davis].'" Peoples, 422 F.3d at 1099-1100 (10th Cir. 2005) (*citing*

---

[1] The Court recognizes the 9th Circuit case of Agyeman v. Corrections Corporation of America, 390 F.3d 1001 (9th Cir. 2004), wherein the Ninth Circuit noted that claims against the individuals employees of the CCA should be brought via Bivens. However, the Court does not find Agyeman to be binding precedent as the question before the Ninth Circuit in Agyeman was whether counsel should have been appointed on behalf of the Plaintiff. The reference made was merely an example of the case's complexity thereby supporting the Court's conclusion that counsel *should* have been appointed.

Malesko, 534 U.S. 61, 70 (2001)). An alternative "cause of action for damages against an individual defendant eliminates either of those two circumstances, and therefore Bivens and its limited progeny [did] not apply [to] such a case."[2] Id. at 1101. The Court concluded that Malesko had such a state remedy. The Court further rejected the dissent's policy arguments of creating state-federal uniformity between § 1983 and Bivens holding that the extension of a "judicially-created remedy so that it closely mirrors a statutory remedy is best left for Congress." Id. at 1103. The dismissal under Rule 12(b)(6) was affirmed.

In Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), *cert. denied*, – U.S. –, 126 S.Ct. 2333 (2006), a federal inmate filed a Bivens action alleging that prison officials did not properly treat his diabetes and that he was punished when he attempted to obtain medical treatment. The Fourth Circuit held that the purpose of Bivens was to deter individual "federal officers" from committing constitutional violations and that employees of a private corporation under contract with the Federal Government were not "federal officials, federal employees, or even independent contractors in the service of the federal government. Instead, they are employed by GEO, a private corporation." Id. at 292. The Court emphasized that in the context of constitutional claims raised under 42 U.S.C. § 1983, courts have insisted that as a prerequisite to liability, the "'conduct allegedly causing the deprivation of a federal right be fairly attributable to the state.'" Id.(*citing* Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). There was no suggestion in Holly, however, "that the federal government [had] any stake, financial or otherwise, in GEO. Nor [was] there any suggestion that federal policy played in a part in defendants alleged failure to provide adequate medical care, or that defendants colluded with federal officials in making the relevant decisions." Id.

The Fourth Circuit expressed its reluctance to extend Bivens on the basis that "Bivens . . . is a judicial creation" without legislative sanction. Id. As such, the Court noted that the "danger

---

[2] The 10th Circuit recognized that Carlson might have appeared to control the case but distinguished Carlson because it did not address the specific question of whether a potential state law cause of action against an individual would preclude an implied Bivens claim. Peoples v. CCA Detention Centers, 422 F.3d 1090, 1102 (10th Cir. 2005). The U.S. Supreme Court stated that the "issue in Carlson was whether 'a remedy [is] available directly under the Constitution given that respondent's allegations could also support a suit against the United States under the Federal Tort Claims Act.'" Id.(*citing* Carlson, 446 U.S. at 16-17).

of federal court's failing to 'respect the limits of their own power' [] increases exponentially" with the extension of Bivens to such circumstances. Id. The Court also recognized the availability of superior causes of action available to plaintiff under the state law of negligence and concluded that the extension of a judicially implied remedy was therefore inappropriate. Id. at 295-296.

In the instant case, although Plaintiff filed an Opposition to the Defendant's Motions, Plaintiff merely states that he strongly opposes Defendant's Motions.[3] Plaintiff urges the Court to deny the Motions on the basis that the two decisions cited by Defendants stem from the Fourth and Tenth Circuits and that there is no authority cited from the Ninth Circuit. While Plaintiff is correct that the issue in this case is open in our circuit, this does not preclude this Court from being persuaded by the opinions of sister circuit courts.

This Court finds the holdings of the Tenth and Fourth Circuit Courts of Appeal persuasive. This Court too cannot ignore the reluctance of the United States Supreme Court to extend Bivens as Bivens is "implied without any express congressional authority whatsoever." Holly v. Scott, 434 F.3d 287, 290 (4th Cir. 2006). Further, as in the cases of Peoples and Holly, Plaintiff has alternative and superior remedies available to him in state court.[4] In light of the existing alternative remedies and the concession by Defendants that such remedies are available to Plaintiff, this Court finds that extending Bivens would not provide Plaintiff an otherwise nonexistent cause of action. Nor would extending Bivens deter future unconstitutional conduct by federal officers as the Defendants are employees of a private corporation. As such, the Court finds the instant case does not present circumstances warranting the extension of Bivens.

---

[3]The Court recognizes that an opposing argument against extension of Bivens would be that by operating a private prison housing federal inmates Defendants have become government actors. However, as noted by the Fourth Circuit, the Supreme Court has stated that "the operation of prisons is not a 'public function.'" Holly, 434 F.2d at 293(citing Richardson v. McKnight, 521 U.S. 399, 405 (1997)). Thus, the fact that a corporation operates a prison facility does not, *ipso facto,* render its employees "government actors."

[4]Plaintiff may bring an action under the state law of negligence and for medical negligence. Ca.Civ. Code §§ 1714, 1714.8, 333.2, 3523. As noted by the U.S. Supreme Court in Malesko, the Eighth Amendment deliberate indifference standard is heightened and more difficult to prevail on than a theory of ordinary negligence. Malesko, 534 U.S. at 74 (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.")).

## C. RECOMMENDATION

The Court HEREBY RECOMMENDS that the Motion to Dismiss be GRANTED and the action DISMISSED for Plaintiff's failure to state a claim upon which relief can be granted under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In light of this recommendation, the Court declines to reach the merits of Defendants Motion for Summary Judgment and Motion for Summary Adjudication and RECOMMENDS that they be DENIED as MOOT.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 5, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE